# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TIMOTHY M. HAGER,**
**Claimant Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0280** (BOR Appeal No. 2050649)
(Claim No. 2015011230)

**PANTHER BRANCH COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy M. Hager, by Wendle D. Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Panther Branch Coal Company, by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 22, 2016, in which the Board affirmed a June 18, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 4, 2014, decision rejecting the claim for carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hager, a former coal miner, alleges he developed carpal tunnel syndrome as a result and in the course of his employment. Mr. Hager was last exposed to the hazards of carpal tunnel syndrome when he retired on January 25, 2012. In September of 2014, Mr. Hager underwent an EMG study which revealed that he suffered from bilateral carpal tunnel syndrome, which was moderate to severe on the left and mild on the right, as well as mild bilateral ulnar neuropathy at the elbow. Mr. Hager subsequently filed an application for benefits. The claims administrator

1

requested Rebecca Thaxton, M.D., review the record and determine whether the claim should be held compensable. After reviewing the record, Dr. Thaxton opined that Mr. Hager's carpal tunnel syndrome was unrelated to his former employment. This was largely due to the fact that Mr. Hager had not worked for over two years and it was unlikely that his current symptoms were a result of his employment. The claims administrator rejected the claim on November 4, 2014, based on Dr. Thaxton's report.

The Office of Judges affirmed the claims administrator's decision rejecting the claim on June 18, 2015. The Office of Judges noted that Mr. Hager's argument centered on a long history of exposure to the hazards of carpal tunnel syndrome, including frequent heavy lifting, using tools, making electrical splices, and operating machinery that involved the frequent manipulation of levers for thirty-four years. However, the Office of Judges clarified that the diagnosis of carpal tunnel syndrome was not in question. Rather, the issue was whether there was a causal connection between the condition and Mr. Hager's employment. Dr. Thaxton opined that his condition was unrelated to his employment. Even assuming, arguendo, that Mr. Hager's employment involved repetitive, forceful activity, carpal tunnel syndrome normally appears at the time of or shortly after cessation of such activity. Mr. Hager did not file his application for benefits for over two years after he retired. The Office of Judges ultimately found that Mr. Hager failed to establish the necessary causal link between his occupational activities and his carpal tunnel syndrome. The Board of Review adopted the findings of fact and conclusions of law and affirmed the Office of Judges' Order on February 22, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Hager failed to submit any medical evidence establishing a causal connection between his work activities and his carpal tunnel syndrome. Dr. Thaxton has determined Mr. Hager's carpal tunnel syndrome is unrelated to his prior employment as a coal miner, and her opinion is supported by the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker